### Thompson v. M. Boyd & Son, et al.

(Decided May 7, 1914.)

Appeal from Kenton Circuit Court
(Common Law and Equity Division).

Contracts—Building Contract—Extras.—Where a contractor agreed to build a house according to plans and specifications that were part of a written contract, he was entitled to recover the value of extras not included in the contract; but could not re-cover as for extras for the building of things specified in the contract.

A. E. STRICKLETT and MYERS & HOWARD for appellant.

B. F. GRAZIANI for appellees.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

The appellees contracted in writing to build a house for the appellant at the agreed price of $4,894.00, accord-ing to plans and specifications furnished by Lyman Wal-ker, an architect. During the progress of the work some extras were added, and this suit grew out of a difference between the parties as to whether a rear porch, a pantry and other things were included in the original plans and specifications or were extras.

The appellant contended that they were included in the original plans and specifications and covered by the

original contract price, while the appellees insisted that they were not a part of the original plans and specifications but were extras agreed on by the parties during the progress of the work. As a result of this and other differences between the parties, this suit was brought by the appellees to recover the price of the porch and pantry, as well as other extras; but the only matters in dispute on this appeal are the charges for the porch and pantry, for which the jury allowed appellees some $270.00.

Counsel for appellant in their brief refer to the plans and specifications, but the plans are not a part of the record, although the specifications are. As the plans which were used on the trial in the lower court and referred to by witnesses are not a part of the record, we are unable to say whether they showed that the original contract called for the porch and pantry or not. The architect testified that they were extras not included in the contract and so did the appellee contractors, while the appellant and other witnesses said they were a part of the plans and specifications and included in the contract price.

With the evidence in this condition, the court instructed the jury, in substance, that if they believed from the evidence that the porch and pantry were included in the original plans and specifications and covered by the contract price, they should find for the defendant; but if they believed from the evidence that they were not embraced in the contract but were extras agreed on by the parties, they should find for the plaintiffs their value.

This fairly submitted to the jury the issue between the parties in respect to the porch and pantry, and counsel for appellant do not complain of the instruction. Indeed the only ground of reversal relied on is that as the plans and specifications, which were a part of the contract, included the porch and pantry, the jury should have been peremptorily instructed not to allow appellees anything on account of these two items. It is not charged that there was any mistake in the plans and specifications or in the contract, and so if the plans and specifications included the porch and pantry, the contention of counsel for appellant would be well taken, as, in the absence of any mistake in the written contract, it would be conclusive on the parties.

As before stated, the plans are not a part of the record, but the architect who drew the plans and specifications testified that the porch and pantry, for which

appellees sought to recover, were not included in the original contract or in the plans and specifications, and the contractor testified to the same effect. Asked if Mrs. Thompson and Mr. Boyd said anything to each other with reference to the porch and pantry, and if so to tell what they said, the architect replied: "They added porch and pantry, and Mr. Boyd reminded Mrs. Thompson that was to be extra, and Mrs. Thompson agreed to the extra cost of the porch and pantry. Was not anything said about what it would cost, but Mr. Boyd said it would cost her just what it cost him. To the best of my knowledge, after the contract was signed up, they both came to my office and had me change the rear part of the house and add on a porch and pantry."

In the specifications, under the head of "concrete work," it is written: "This includes the entire cellar floor; also the rear pantry and porch floor and steps, front porch floor and steps, floors to porches and pantry only to be re-inforced." And the architect testified that probably the reference to a porch and pantry in the specifications may have been an error, or the original contract may have provided for a smaller and different style porch and pantry than was afterwards constructed by agreement; but he was very clear in his evidence that neither the plans nor specifications provided for the character of porch and pantry that were built, and that the ones that were built were agreed on as extras, and we think the court, under the evidence, properly submitted this matter to the jury. If it should be assumed that the plans called for a porch and pantry, the parties had the right, after the contract was made, to agree that a different porch and pantry from that described in the plans should be built and charged for as extras, and this it appears from the evidence they did.

Upon the whole case we perceive no error in the judgment, and it is affirmed.